PAUL M. WARNER, United States Attorney (#3389)
ROBERT C. LUNNEN, Assistant United States Attorney (#4620)
Attorneys for the United States of America
185 South State Street, #400
Salt Lake City, Utah  84111
Telephone:  (801) 524-5682

FILED
U.S. DISTRICT COURT
2005 JUL 28  A II: 55
DISTRICT OF UTAH
BY:_____
         DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | | Case No. 2:05-CR-0195-BW |
| Plaintiff, | : | |
| | | STATEMENT BY DEFENDANT IN |
| vs. | : | ADVANCE OF GUILTY PLEA |
| JASON HALL, | : | |
| | | Magistrate Judge Brooke Wells |
| Defendant. | : | |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining and completing this form:

1.      The nature of the charges against me have been explained.  I have had an opportunity to discuss the nature of the charges with my attorney.  I understand the charges and what the government is required to prove in order to convict me.

2.      I know that the maximum possible penalty provided by law for Count 1 of the Indictment, a violation of Title 18, United States Code, Section 43(a)(2), is a term of imprisonment of up to six (6) months, a fine of up to five thousand ($5,000.00) dollars and a term of supervised release of up to five (5) years.  I understand that if the supervised release term is violated, I can be returned to prison for the length of time provided in Title 18, United States Code, Section 3583(e)(3).  Additionally, I know the

court is required to impose an assessment in the amount of $25.00 for each offense of conviction and that restitution to the victims of my offenses may be ordered pursuant to Title 18, United States Code, Sections 3663 and/or 3663A.

3.    I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these facts with my attorney. I further know that the final calculation by the Court for sentencing purposes may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea in spite of that fact.

4.    I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5.    I know that I have a right to plead "Not Guilty," and I know that if I do plead "Not Guilty," I can persist in that plea.

6.    I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

> (a) I have a right to the assistance of counsel at every stage of the proceeding.
>
> (b) I have a right to see and observe the witnesses who testify against me.
>
> (c) My attorney can cross-examine all witnesses who testify against me.
>
> (d) I can call the witnesses I want to call, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.
>
> (e) I cannot be forced to incriminate myself and I do not have to testify at any trial.

(f) If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

(g) The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

(h) It requires a unanimous verdict of a jury to convict me.

(i) If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7.    Under a plea of guilty, there will not be a trial of any kind.

8.    I know there is no appellate review of any lawful sentence imposed under a plea of guilty. I also know I may appeal the sentence imposed upon me in this case only if the sentence is imposed in violation of law or, in light of the factors listed in 18 U.S.C. § 3553(a), the sentence is unreasonable.

9.    I know the United States may appeal the sentence imposed upon me in this case only if the sentence is imposed in violation of law or, in light of the factors listed in 18 U.S.C. § 3553(a), the sentence is unreasonable.

10.    I understand and agree that the word "sentence" appearing throughout this document is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to, (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

11.    I know that under a plea of guilty the judge may ask me questions under oath about the offense to which the plea is entered. The questions, if asked on the record and in the presence of counsel, must be answered by me and, if I give false answers, I can be prosecuted for perjury.

12.    I stipulate and agree that the following facts accurately describe my conduct. They provide a basis for the Court to accept my guilty plea and for calculating the sentence in my case:

On or about May 16, 2004, in the Central Division of the District of Utah, aided and abetted by others, I did knowingly and intentionally damage or cause loss to property used by an animal enterprise, that is , The Ellsworth Farm Animal Husbandry Facility located at Brigham Young University, in violation of 18 U.S.C. §43(a)(2). I entered the facility at night with Josh Demmitt and Harrison Burrows. I aided Demmitt and Burrows to destroy property at the facility by ~~spraying graffiti~~ ~~on the walls~~, releasing birds and rabbits and removing them from the facility and causing other damage to the property. ~~I did these acts to make a statement on behalf of the Animal Liberation Front~~. The damage to the facility was determined by the University to be approximately one thousand eight hundred and twenty-five ($1,825.00) dollars.

13.    The only terms and conditions pertaining to this plea agreement between the defendant and the United States are as follows:

a.    I will enter a plea of guilty to Count 1 of the Misdemeanor Information.

b.    I agree to cooperate fully with law enforcement authorities regarding any information I may have regarding this case.

c.    I agree to pay restitution in the amount of $1,825.00 to Brigham Young University.

d.    The United States will recommend that I be sentenced at the low end of the applicable sentencing guideline range.

e.    If I demonstrate an acceptance of responsibility for these offenses by virtue of my conduct up to and including the time of sentencing, the government will recommend that I be given a 3 level reduction for acceptance of responsibility, if my level is sixteen (16) or greater, or a two level reduction for acceptance of responsibility if my level is less than sixteen (16). I understand that if, in the opinion of the United States Attorney's Office, I have not demonstrated an acceptance of responsibility for this offense, the government will not recommend the acceptance of responsibility reduction of the applicable guideline range. I further understand that if the government does not make a recommendation for acceptance of

responsibility due to my failure to accept responsibility for this offense, it will **NOT** be a basis for me to withdraw my guilty plea. I understand that the Court need not follow the government's recommendation.

14.    I understand that if I knowingly violate any local, state or federal law between now and the time of my sentencing, such offense may constitute a violation of this plea agreement. I also understand that the Court will decide whether a violation of the plea agreement has occurred. If the Court finds that I have breached this agreement by violating any law, I understand that the Court may relieve the government of all obligations and commitments in this plea agreement while leaving intact my plea of "Guilty."

15.    I understand that the Court can make no decision as to what the sentence will be until the Pre-sentence Report has been received and reviewed by the judge. I further understand that the Court is not obligated in any way to follow the recommendation of the government concerning sentencing matters. If the Court does not follow the government's recommendation, I know that I will not be allowed to withdraw my plea of guilty.

16.    I understand that the Court can and will consider all available information in determining my sentence. I also understand that if I am sentenced to prison, such information may be considered by prison officials in making decisions concerning my incarceration.

17.    I know I have a right to ask the Court any questions I wish to ask concerning my rights, or about these proceedings and the plea.

*      *      *      *

I make the following representations to the Court:

1. I am _20_ years of age. My education consists of ___11th grade___ . I can read and understand English.

2. No threats or promises of any sort have been made to me to induce me or to persuade me to enter this plea.

3. No one has told me that I would receive probation or any other form of leniency because of my plea.

4. I have discussed this case and this plea with my lawyer as much as I wish to.

5. I am satisfied with my lawyer.

6. My decision to enter this plea was made after full and careful thought, with the advice of counsel, and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication or intoxicants when the decision to enter the plea was made and I am not now under the influence of any drugs, medication or intoxicants.

7. I have no mental reservations concerning the plea..

8. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I wish to make no changes because all of the statements are correct.

DATED this __18__ day of ___July___, 2005.

_____
JASON HALL
Defendant

I certify that I have discussed this statement with the defendant, that I have fully explained his rights to him, and I have assisted him in completing this form. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this__18__day of___July___, 2005.

_____
JEREMY M. DELICINO
Attorney for Defendant

-6-

This statement sets forth the entire agreement entered into by the United States.

DATED this __18th__ day of __July__, 2005.

PAUL M. WARNER
United States Attorney

ROBERT C. LUNNEN
Assistant United States Attorney